| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA     §
                             §
*versus*                     §     CASE NO. 4:08-CR-22 (1)
                             §
ARTHUR CALEV DELMAST         §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Arthur Calev Delmast's ("Delmast") letter motion for appointment of counsel (#216). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On May 21, 2008, Delmast pleaded guilty to Conspiracy to Manufacture, Distribute, or Possess with Intent to Manufacture, Distribute, or Dispense Cocaine Base, and on September 16, 2008, the court sentenced him to 327 months' imprisonment, followed by 5 years' supervised release. On January 21, 2019, the court appointed counsel to represent Delmast in a request for reduction of sentence under the First Step Act. On May 30, 2019, counsel for Delmast filed a motion to reduce his sentence pursuant to § 404 of the First Step Act of 2018 (#211). Section 404 applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses, retroactively. Under the revised penalties, Delmast's amended Guideline range of imprisonment was 188 to 235 months' imprisonment. On June 26, 2019, the court entered an order reducing Delmast's sentence to 235 months' imprisonment, followed by 4 years' supervised release (#212).

In his instant motion, Delmast requests the appointment of counsel to assist him in obtaining a further reduction of his sentence under § 401 of the First Step Act, which reduces certain enhanced mandatory minimum penalties for some drug offenders. There is no

constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *see Garza v. Idaho*, ___ U.S. ___, 139 S. Ct. 738, 749 (2019); *Whitaker v. Collier*, 862 F.3d 490, 501 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1172 (2018); *In re Sepulvado*, 707 F.3d 550, 554 (5th Cir.), *cert. denied*, 571 U.S. 952 (2013).

Delmast is not entitled to the appointment of counsel to assist him with seeking a further reduction of his sentence. *See Finley*, 481 U.S. at 555; *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (declining to recognize constitutional or statutory right to assistance of counsel in bringing § 3582(c)(2) motion for sentence reduction); *United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."). Delmast was previously appointed counsel to assist him with seeking a reduction under the First Step Act, and he did, in fact, obtain such a reduction. He is entitled to no further reduction. Section 401 of the First Step Act does not apply retroactively and, therefore, provides Delmast with no basis for relief. Thus, the court finds that the discretionary appointment of counsel is not warranted. *See* 18 U.S.C. § 3006A(a)(2) (allowing appointment of counsel under certain circumstances when "the court determines that the interests of justice so require"). Accordingly, Delmast's letter motion for appointment of counsel (#216) is DENIED.

SIGNED at Beaumont, Texas, this 13th day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE